**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Eugene Stilp, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No. |
| | : | |
| Borough of State College, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |

### Complaint

Plaintiff Gene Stilp by undersigned counsel Mette, Evans & Woodside files this complaint challenging Defendant Borough of State College's open burning ordinance under the First Amendment – both facially and as applied – for unconstitutionally suppressing expressive conduct in the form of flag burning.

### Parties

1.      Plaintiff Gene Stilp ("Stilp") is an adult individual.

2.      Defendant Borough of State College ("Borough") is a political subdivision of the Commonwealth of Pennsylvania that maintains a principal office at 243 South Allen Street, State College, Centre County, Pennsylvania 16801.

**Jurisdiction and Venue**

3.     This Court has jurisdiction under 28 U.S.C. § 1343.  This case is brought under 42 U.S.C. § 1983.  Attorneys fees are authorized by 42 U.S.C. § 1988.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because the Borough is located in the Middle District of Pennsylvania, which is the location where a substantial part of the events or omissions giving rise to the claim occurred.

5.     Plaintiff seeks both legal and equitable relief.

**Facts**

6.     The allegations of the foregoing paragraphs are incorporated by reference.

7.     Stilp is a prominent political activist in Pennsylvania who frequently publicly protests political corruption and racial injustice.

8.     Over the past several years, Stilp has publicly burned political flags in various locations throughout the United States as a means of protesting politicians and political ideologies he opposes.

9.     As a part of such protests, Stilp has often burned flags bearing images and slogans supporting the policies and politics of former President Donald J. Trump.

10.     On November 3, 2022, Stilp appeared at the State College Municipal in the Borough of State College to conduct a political demonstration during which he intended to burn four flags: a Trump campaign flag sewn together with a Nazi flag, a Trump campaign flag sewn together with a flag of the former Soviet Union, and a Trump campaign flag sewn together with a Confederate flag, a combined flag consisting of a Trump campaign flag sewn together with a Confederate flag, a Nazi flag, and a former Soviet Union flag ("Trump Protest Flags").

11.     Stilp's intended purpose in burning the Trump Protest Flags was to publicly oppose policies and positions espoused by then President Trump which Stilp asserts are racist and contrary to the best interests of the United States.

12.     The area in front of the main doors of the State College Municipal Building is open to the public and is a traditional public forum.

13.     Upon Stilp's arrival, he was met by a borough police officer and another agent of the Borough who advised Stilp that there was a burn ordinance in place in the Borough and that "you can't burn flags," and that "there are no exceptions."

14.     In response to an inquiry as to whether Stilp could destroy the Trump Protest Flags in another manner, Stilp responded that fire is a good expression of his message and the manner in which he has traditionally expressed his message.

3

15.     Borough law enforcement requested that Stilp move the metal several feet further on the sidewalk towards the street, which Stilp did.

16.     Wishing to exercise his First Amendment rights, Stilp proceeded to burn the Trump Protest Flags, explaining the significance of each, and concluded his political demonstration.

17.     Following the demonstration, Stilp was issued a citation by Borough law enforcement.  See Exhibit A attached hereto and incorporated herein by reference.[1]

18.     The citation was subsequently unilaterally dismissed.

19.     The Borough maintains an ordinance that regulates public burning. See Chapter 8, Section 109 ("Burn Ordinance") of the Codified Ordinances of State College, Pennsylvania, as amended ("Codified Ordinances").  Such section and other related sections of the Codified Ordinances (§8-101 and §8-114) are attached as Exhibit B.

20.     The Borough's Burn Ordinance (excerpted and re-ordered for clarity) states in relevant part the following,

§ 8-109 **Burning.**

---

[1] The narrative description is difficult to read, but plaintiff believes it is correctly transcribed as "Refuse or leaves may not burned be burned outdoors on the premises in any manner whatsoever. To Wit Def. burned flags in a garbage can not specifically made for burning on property not owned or controlled by Def."

Refuse or leaves may not be burned outdoors on the premises in any manner whatsoever. It shall be unlawful for any occupant or other person to start a fire of any description for any purpose except within the building or other structure in a stove, furnace or fireplace or other designed containers for fire. Outside incinerators of all kids are hereby declared unlawful and shall not be used for fire or storage or refuse. Exceptions shall be construction firepots, charcoal grills and fireplaces attached to and made a part of a dwelling when the flue thereof extends upward higher than the highest portion of said dwelling. Other exceptions may be made by permit, which shall be applied for to the Municipal Manager and shall be granted when the circumstances reasonably require outside burning and do not present a hazard or annoyance to persons or property. No such burning shall be performed until after the granting of such permit.

Refuse or recycling materials may not be burned, indoors or outdoors, except for small amounts of paper or cardboard used to start a fire in a stove, furnace, fireplace or other designed containers for fire.

§ 146-3 **Definitions.** [Irrelevant portions omitted]

The following words, when used in this ordinance, shall have the meanings ascribed to them in this section, except in those instances where the context clearly indicates otherwise:

**Refuse** – Garbage, ashes, rubbish, riffraff, commercial refuse, industrial refuse, dead animals and building waste as herein defined.

§ 8-114 **Fines and Penalties.** [excerpted]

   Any person found guilty of violating the provisions of this ordinance shall be fined not less than $300 nor more than $1,000 for the first offense, and not less than $600 nor more than $1,000 for the second offense, and $1,000 for the third and subsequent offense in any one-hundred-eighty-day period and, upon failure to pay such fine, shall be sentenced to jail for a term not to exceed 30 days for each offense.

*Id.*

21.     The Burn Ordinance facially admits of no exception for burning flags in public protest and thus violates the First Amendment guarantee to freedom of expression.  See *Texas v. Johnson,* 491 U.S. 397 (1989).

22.     The borough law enforcement officer confirmed this by explicitly stating that burning flags was not permitted under the Burn Ordinance and that there were "no exceptions."

23.     The Burn Ordinance is also unconstitutional as applied, because it was actually enforced against Stilp by the issuance of a citation against him before being dismissed without explanation.

24.     Because of the actual enforcement of the Burn Ordinance against him, Stilp fears conducting further protests involving flag burning in public places within the Borough.

25.     Stilp desires the freedom to hold one or more additional flag burning protests within public areas of the Borough.

26.     Stilp has no adequate remedy at law to prevent prospective enforcement of the Burn Ordinance against him.

### Count I
### Violation of Right to Free Speech (Facial Challenge)
### U.S. Const. amend. I; 42 U.S.C. § 1983

27.     The averments of the foregoing paragraphs are incorporated by reference.

28. The Burn Ordinance facially violates the First Amendment and is overly broad by prohibiting the burning of flags as an act of public political protest at all times within the geographic limits of the Borough.

29. The Burn Ordinance facially inhibits Stilp's right to free speech by preventing him from publicly protesting through flag burning which has chilled the exercise of his free speech rights.

30. Though he desires to conduct additional flag-burning protests in the Borough of State College, Stilp has refrained from doing so out of reasonable fear of prosecution for a summary offense an action in abatement under the Burn Ordinance.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to:

a. DECLARE the Burn Ordinance FACIALLY UNCONSTITUTIONAL under the First Amendment;

b. PERMANENTLY ENJOIN enforcement of the Borough's Burn Ordinance; and

c. AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

## Count II
### Violation of Right to Free Speech (As Applied Challenge)
### U.S. Const. amend. I; 42 U.S.C. § 1983

31.    The averments of the foregoing paragraphs are incorporated by reference.

32.    Defendant has both applied and threatened to apply the Burn Ordinance in violation of Stilp's right to free speech under the First Amendment.

33.    Defendant has both applied and threatened to apply the Burn Ordinance to Stilp in an arbitrary and capricious manner by issuing Stilp a citation for setting a fire to burn political flags in a political demonstration then promptly withdrawing such citation without explanation.

34.    Stilp is in reasonable fear of prosecution for a summary offense  under the Burn Ordinance if he would again attempt to burn political flags as expressive conduct, because of the actions of law enforcement officers taken against him for burning political flags on November 3, 2022

WHEREFORE, Plaintiff Gene Stilp prays the Court to:

a.    DECLARE the Burn Ordinance UNCONSTITUTIONAL AS APPLIED under the First Amendment;

b.    PERMANENTLY ENJOIN enforcement of the Borough's Burn Ordinance against Plaintiff Gene Stilp; and

8

   **c.**  AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of

suit and such other relief as is just and equitable.

**Count III**
**Violation of Right to Free Speech (Damages)**
**U.S. Const. amend. I; 42 U.S.C. § 1983**

   35. The averments of the foregoing paragraphs are incorporated by

reference.

   36. Stilp's First Amendment right to free speech and expression have

been suppressed and violated by virtue of the Burn Ordinance, an official

ordinance of the Borough, since the time of his protest until the present.

   37. As a direct and proximate result of such suppression of Stilp's First

Amendment right to free speech and expression, Stilp has suffered damages for

which he must be compensated.

9

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to ENTER

JUDGMENT in his favor and against the Borough of State College for nominal

and compensatory damages for the actual suppression of Stilp's First Amendment

rights under the Borough's Burn Ordinance, attorneys fees pursuant to 42 U.S.C. §

1988, costs of suit and such other relief as is just and equitable.

Respectfully submitted,

**METTE, EVANS & WOODSIDE**

/s/ Aaron D. Martin

By:  _____

Aaron D. Martin
Pa. Atty. I.D. 76441
Sarah E. Straub
Pa. Atty. I.D. 330748
3401 North Front Street
Harrisburg, PA 17110
(717) 232-5000 (phone)
(717) 236-1816 (fax)
admartin@mette.com
sestraub@mette.com

*Attorneys for Plaintiff,*
*Gene Stilp*

Dated: December 29, 2022